UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RUSSELL BRUMFIELD, JR.,

        Plaintiff,

    v.                           Case No. 06-cv-947-JPG

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

## MEMORANDUM AND ORDER

This matter comes before the Court on the Report and Recommendation (R&R) of

Magistrate Judge Proud (Doc. 12). Plaintiff Russell Brumfield (Brumfield) seeks judicial review

of the final decision of the social security agency finding that he is not disabled and denying him

Disability Insurance Benefits (DIB). Judge Proud recommends that the agency's final decision

be affirmed. For the following reasons, the Court Accepts the R&R (Doc. 12) and affirms the

final decision of the Commissioner of Social Security.

## BACKGROUND

After reviewing a magistrate judge's report and recommendation, the Court may accept,

reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in

the report. Fed. R. Civ. P. 72(b). The Court must review *de novo* the portions of the report to

which objections are made. "If no objection or only partial objection is made, the district court

judge reviews those unobjected portions for clear error." *Johnson v. Zema Systems Corp.*, 170

F.3d 734, 739 (7th Cir.1999).

The R&R lays out the relevant facts and procedural posture of the case, as well as the

five-step inquiry to be applied by the Administrative Law Judge (ALJ). Neither party has

objected to Judge Proud's recitation of this background material. The Court has reviewed the record and finds Judge Proud's recitation comprehensive and accurate, and therefore adopts it in full. The Court declines to recite this background material anew.

Brumfield objects to Judge Proud's conclusion that the ALJ did not err in refusing to give the opinions of Brumfield's treating physician and treating psychiatrist controlling weight. Additionally, Brumfield argues that had his treating psychiatrist's opinion been given the proper weight, he would meet the criteria to be considered *per se* disabled. Finally, Brumfield objects to Judge Proud's conclusion that the ALJ did not err in discounting Brumfield's own testimony about the severity of his condition.

## ANALYSIS

The Court will affirm the Commissioner's decision if it is supported by substantial evidence and contains no error of law. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir.2000). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotations and citation omitted). When it decides whether substantial evidence supports a decision, the Court does not reweigh the evidence, resolve conflicts, decide questions of credibility, or substitute its own judgment for that of the Commissioner. *Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir.2003). The Court should give the ALJ's opinion "a commonsensical reading rather than nitpicking at it." *Johnson v. Apfel*, 189 F.3d 561, 564 (7th Cir.1999). Finally, the ALJ's reasoning must "build an accurate and logical bridge" between the evidence and her conclusion. *Elbert v. Barnhart*, 335 F.Supp.2d 892, 896 (E.D. Wis. 2004) (citing *Rohan v. Chater*, 98 F.3d 966, 971 (7th Cir.1996)). The Court cannot uphold the ALJ's decision if her reasoning in reaching it is faulty. *Rohan*, 98 F.3d at 971.

# I.    Dr. Lee's Opinion

Brumfield asserts that the ALJ erred in refusing to give controlling weight to the opinion of his treating psychiatrist, Dr. Lee, that he suffers from depression accompanied by marked limitations in maintaining social functioning and in maintaining concentration, persistence, and pace.  If the ALJ had given controlling weight to this opinion, Brumfield would have met the requirements of Listing 12.04[1], making him *per se* disabled.[2]

The controversy here centers on whether Brumfield meets the criteria of Listing 12.04 Part B (Part B).  Dr. Lee opined that Brumfield has marked difficulties in maintaining social functioning and marked difficulties in maintaining concentration, persistence, or pace.  The state

_____

[1]Although the ALJ erroneously referred to listing 12.02 (Organic Mental Disorders), it is clear from the analysis that she properly considered the claim under listing 12.04 (Affective Disorders).

[2]In order to meet Listing 12.04, Brumfield has to meet the requirements of both Part A and Part B.
Part A. Medically documented persistence, either continuous or intermittent, of one of the following:
   1. Depressive syndrome characterized by at least four of the following:
      a. Anhedonia or pervasive loss of interest in almost all activities; or
      b. Appetite disturbance with change in weight; or
      c. Sleep disturbance; or
      d. Psychomotor agitation or retardation; or
      e. Decreased energy; or
      f. Feelings of guilt or worthlessness; or
      g. Difficulty concentrating or thinking; or
      h. Thoughts of suicide; or
      i. Hallucinations, delusions, or paranoid thinking; or
AND
   Part B. Resulting in at least two of the following:
      1. Marked restriction of activities of daily living; or
      2. Marked difficulties in maintaining social functioning; or
      3. Marked difficulties in maintaining concentration, persistence, or pace; or
      4. Repeated episodes of decompensation, each of extended duration.

agency psychological reviewers opined that Brumfield has moderate difficulties in those areas. The consulting psychologist, Dr. Deppe, opined that Brumfield's abilities in those areas are intact or mildly limited. The ALJ gave Dr. Lee's opinion no weight and the reviewers's opinions only moderate weight. She found that Brumfield was moderately impaired in maintaining concentration, persistence, or pace. She found that there was no evidence that Brumfield was impaired in the area of maintaining social functioning. The Court finds that the ALJ's decision to not give Dr. Lee's opinion controlling weight was properly reasoned.

The ALJ's articulated reasons for discounting Dr. Lee's opinion are: (1) Dr. Lee's opinion is based on clinical interviews and is not supported by "objective findings" and (2) Dr. Lee's opinion is inconsistent with other substantial evidence in the record including the findings of Dr. Deppe, the findings of the state reviewers, and some of Dr. Lee's own findings.

## A.    The Treating Physician Rule

A medical opinion on the ultimate issue of whether a claimant meets the definition of "disabled" is not entitled to controlling weight. *Barnett v. Barnhart*, 381 F.3d 664, 669 (7th Cir.2004). However, a treating physician's opinion regarding the nature and severity of a medical condition is entitled to controlling weight if (1) it is well supported by medical findings and (2) it is not inconsistent with other substantial evidence in the record. *See* 20 C.F.R. § 404.1527(d)(2); *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir.2003).

"An ALJ can reject an examining physician's opinion only for reasons supported by substantial evidence in the record" *Id*. The ALJ may properly discount the treating physician's opinion if it is inconsistent with the opinion of a consulting physician, or if it is internally inconsistent. *Skarbek v. Barnhart*, F.3d 500, 503 (7th Cir.2004). However, "if the ALJ's real concern [is] the lack of backup support for the treating physician's opinion," the ALJ has an

independent duty to solicit additional information that may provide the requisite support for the opinion or clear up seeming inconsistencies between the opinion and other evidence in the case. *Barnett*, 381 F.3d at 669. The ALJ "must not succumb to the temptation to play doctor and make [her] own independent medical findings." *Rohan v. Chater*, 98 F.3d 966, 971 (7th Cir. 1991).

In this case, the ALJ refused to give Dr. Lee's opinion controlling weight finding that it met neither part of the two part test outlined in 20 C.F.R. § 404.1527(d)(2).

### 1. Support by Medical Evidence

The ALJ gave the opinion of Dr. Lee, Brumfield's treating psychiatrist, no weight finding it is unsupported by medical evidence. However, it is clear that there is support for Dr. Lee's medical opinion. First, Dr. Lee met repeatedly with Brumfield over the course of his treatment. Although sparse, Dr. Lee's office notes consistently refer to Brumfield's depression, mood swings, and inability to concentrate. The ALJ seems disturbed that Dr. Lee's opinions are based entirely on clinical interviews rather than on "objective" evidence. However, Dr. Lee is a board certified psychiatrist, and is entitled to some deference as to how to best diagnose and treat his patients. Additionally, apart from the administration of an IQ test, Dr. Deppe's opinion is also based on a clinical interview, rather than "objective" medical evidence. If the ALJ believed that the administration of one or more tests were necessary to support Dr. Lee's opinions or to clear up the seeming inconsistency between his opinion and Dr. Deppe's opinion, she had an independent duty to ensure that those tests were administered. Accordingly, the ALJ's decision to discount Dr. Lee's opinion because it is unsupported by the medical evidence in the record was unreasonable.

## 2.       Inconsistency with Other Substantial Evidence

The ALJ also rejected Dr. Lee's opinion as to the nature and severity of Brumfield's impairments as inconsistent with other substantial medical evidence.  Dr. Lee's opinion as to the *nature* of Brumfield's impairment is consistent with the other substantial evidence in the record The only evidence that could be seen as inconsistent as to the nature of the impairment is Dr. Deppe's opinion that Brumfield's abilities were "intact" or "mildly impaired."  This the opinion of a consulting doctor given after one interview with Brumfield nearly a year before Brumfield sought treatment from Dr. Lee.  Additionally, the two opinions are not necessarily conflicting.  It is possible that Brumfield's psychological impairments worsened over time.

However, Dr. Lee's opinion as to the *severity* of Brumfield's impairment is inconsistent with the other substantial evidence in the record.  For example, the GAF scores that Dr. Lee assigned to Brumfield support a finding of "moderate" impairment rather than the "marked" impairment he opined.  This internal inconsistency is a proper reason to discount Dr. Lee's conclusion as to whether Brumfield's impairments are "marked."  Likewise, the reviewing doctors's opinions that Brumfield has "moderate" impairments in the Part B criteria are inconsistent with Dr. Lee's opinion as to the degree of Brumfield's impairment.  Therefore, as Dr. Lee's opinion as to the severity of Brumfield's impairment was properly discounted by the ALJ as inconsistent with the other substantial evidence in the record, it was not error for her to refuse to give Dr. Lee's opinion controlling weight.  Accordingly, the ALJ did not err in finding that Brumfield is not *per se* disabled under Listing 12.04.

## II.       Dr. Baker's Opinion

Brumfield also claims that the ALJ improperly calculated his RFC because she improperly rejected the medical source statement signed by his treating physician, Dr. Baker.

Again, a treating physician's opinion regarding the nature and severity of a medical condition is entitled to controlling weight if (1) it is well supported by medical findings and (2) it is not inconsistent with other substantial evidence in the record. *See* 20 C.F.R. § 404.1527(d)(2); *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir.2003).

Here, the ALJ had good reason to reject the medical source statement under both parts of the two-part test. The ALJ pointed out that the medical source statement listed no objective findings of limitation on exam and did not give any objective basis for the limitations listed. Therefore, the medical source statement was not well supported by medical findings.

Additionally, as the ALJ pointed out, the medical source statement was contrary to the objective medical findings of Dr. Baker. Dr. Baker's exam records showed a normal range of motion on most visits, the ability to heel and toe walk, and negative nerve conduction studies. Furthermore, these contrary findings were consistent with the findings of Dr. Leung. Therefore, the medical source statement was inconsistent with other substantial evidence in the record. The ALJ's reasoning was sound, and the Court will not disturb her decision to reject the limitations given in the medical source statement.

### III.    Brumfield's Testimony

Finally, Brumfield asserts that the ALJ improperly calculated his RFC because she discounted his testimony as not entirely credible. The ALJ has the opportunity to observe the witness, and as such, her findings as to the credibility of the witness are accorded deference. *Powers v. Apfel*, 207 F.3d 431, 435 (7th Cir.2000). The credibility findings of the ALJ should not be disturbed unless they are patently wrong. See *Jens v. Barnhart*, 347 F.3d 209, 213 (7th Cir.2003). The reviewing court should reverse the ALJ's credibility finding only if it is grounded on an observation that is unreasonable or unsupported. *Sims v. Barnhart*, 442 F.3d

536, 538 (7th Cir.2006)

Here, the credibility determination of the ALJ must stand. The ALJ pointed out that Brumfield testified that his back pain is constant and debilitating, yet he told his doctors it is intermittent, he takes only Naproxen for pain, and merely rests to relieve his symptoms. Additionally, Brumfield testified that back surgery had been recommended, when in fact, the record contained no support for that statement. Additionally, the ALJ considered the fact that Brumfield had no trouble concentrating during the hearing although part of his disability claim is an alleged inability to concentrate. Such contradictions are probative of truthfulness, and are not an unreasonable grounds for the ALJ to use to support her finding that Brumfield's testimony was not entirely credible. Because the ALJ's credibility finding is not patently wrong, the Court accepts it.

## CONCLUSION

The Court **ACCEPTS** the R&R (Doc. 12) and **AFFIRMS** the decision of the Commissioner to deny disability benefits to Brumfield. The Court **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED: March 28, 2008**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**